

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00007-CR
_____

SCOTT DANIEL MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 23128

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Scott Daniel Moore appeals from the revocation of his community supervision. Moore was convicted of aggravated assault and sentenced to ten years' imprisonment. The State filed a motion to revoke community supervision alleging a series of violations, including failure to make monthly payments on an assortment of monetary charges laid against him by the State (and ordered by the conditions of community supervision),[1] and failing to report as required by those conditions.

Moore's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail, providing possible issues, but explaining why they cannot succeed. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Moore April 18, 2012, informing Moore of his right to file a pro se response and providing him with a copy of the record to review. No response has been filed, nor has there been any request by Moore for additional time in which to prepare his response. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1] We cannot help but wonder at the allegation that he had violated "Condition 32 D. Attorney Fee in the amount of $0.00 to be paid at the rate of $0.00 per month; to wit: February 2010 thru August 2011; thereby violating condition (32d) of said community supervision." We suspect that he did not violate that requirement and that he did in fact pay the county $0.00 for those months.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 27, 2012
Date Decided:       June 28, 2012

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.